UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                    *     MISC. CASE NO. 11-mc-00073
                                          *         (DISCIPLINARY)
GERALD I. KATZ                            *           *SEALED*
                                          *
Respondent.                               *
                                          *
                                          *

REPORT AND RECOMMENDATION

I.

Respondent, Gerald I. Katz, Esquire, has been a member of the Bar of this Court since June 17, 1983. In his application for renewal, Respondent informed the Court that he had pled guilty to two counts of Failing to File State of Maryland Income Tax Returns, in the Circuit Court for Anne Arundel County, Maryland. On January 13, 2011, the Honorable William Mulford of the Anne Arundel Circuit Court sentenced Respondent to three years on each count, all of which were suspended, and Respondent was placed on five years of supervised probation and ordered to perform 100 hours of community service.

On February 14, 2011, following review by this Court's Disciplinary and Admissions Committee, Chief Judge Deborah K. Chasanow issued a Suspension and Show Cause Order pursuant to Local Rule 705.2.a.ii, directing Respondent to show cause as to why a disciplinary proceeding or, in the alternative, the imposition of disbarment by this Court, is not warranted.

On March 17, 2011, Respondent, by and through counsel, filed a response to the Show Cause Order and requested a hearing with respect to this disciplinary matter. In his response, Respondent did not dispute that the offense for which he was convicted constitutes a "serious crime" within the meaning of Local Rule 705.2.a.i, subjecting him to an immediate suspension

pursuant to Local Rule 705.2.a.ii. Rather, Respondent informed the Court as to several issues which he contended weigh against the imposition of disbarment in this case. Respondent reported that he had entered into a settlement agreement with the State Attorney General to pay restitution to the State of Maryland. Respondent contended that he is currently in full compliance with the Agreement. Respondent also informed this Court that Judge Mulford of the Anne Arundel Circuit Court indicated that he would reconsider Respondent's sentence if the restitution is paid or if substantial amounts are being paid, if Respondent's community service is performed, and if the settlement agreement is signed.

The undersigned, Judge Alexander Williams, Jr., designated as the hearing judge in this matter, ordered a hearing for October 20, 2011 in the United States District Court for the District of Maryland, Southern Division. Prior to the hearing, Respondent filed a Memorandum advising the Court that Judge Mulford had vacated his conviction and requesting that this Court accordingly vacate its February 16, 2011 Order of Suspension and re-enter Respondent as a member of the Bar of this Court. In support, Respondent cites to an old version of Local Rule 705.2.a.iv, "Lifting of Suspension", which provides:

> [a]n attorney who has been suspended under the provisions of this Rule will be reinstated immediately upon the filing of a certificate demonstrating that the underlying conviction has been reversed, but that reinstatement will not terminate any disciplinary proceeding then pending against the attorney … [.]

Loc. R. 705.2.a.iv, *amended by* 2011 Md. Ct. Order 2901 (D. Md. 2011). Local Rule 705.2.a.iv, now titled "Lifting of Discipline", was amended by this Court on July 1, 2011 and now provides that:

> [i]n the event an attorney's underlying conviction is reversed or vacated and that attorney has had discipline imposed under the provisions of this Rule, the attorney will *not* be reinstated immediately but must apply for reinstatement under L.R. 705.4.

Loc. R. 705.2.a.iv (emphasis added).

Respondent has provided the Court with a formal document from the Circuit Court reflecting that the Circuit Court's guilty finding has been stricken and entry of Judgment Stay entered under Maryland Criminal Procedure Article Sec 6-220 (b). (Doc. No. 8 Ex. 1). The document additionally reflects that Respondent's original suspended sentence for each count remains in effect and that probation is to be continued under the same terms and conditions as the original sentence. *Id.*

II.

On October 20, 2011, the undersigned conducted a disciplinary hearing at Respondent's request, pursuant to Local Rule 705.1.d. As previously indicated, Respondent has never disputed that his criminal conviction constitutes a "serious crime." Local Rule 705.2.a.i defines "serious crime" as "any felony and any lesser crime a necessary element of which ... involved ... willful failure to file income tax returns ...[.]" Respondent pled guilty for failing to file his Maryland State income tax returns for the 2004 and 2005 tax years. Because judgment was entered against Respondent for a "serious crime" within the meaning of Local Rule 705.2.i, Respondent is subject to disciplinary action by this Court.

At the October 20 hearing and in his response to the Court's Show Cause Order, Respondent has advanced two principal arguments as to why disbarment is improper in this case. First, Respondent argues that the version of Local Rule 705.2.a.iv in effect at the time of his February 14, 2011 suspension by this Court provides for a lifting of his suspension. As discussed above, the pre-July 1, 2011 version of Local Rule 705.2.a.iv provided that an attorney

suspended under Local Rule 705.2.a.ii would be reinstated immediately upon the filing of a certificate showing that the underlying conviction has been reversed. Accordingly, Respondent urges the Court to find that Judge Mulford's modified judgment of September 22, 2011 striking the guilty finding entitles Respondent to an immediate reinstatement. Second, Respondent asserts that his stellar career as an attorney and the overall facts and circumstances surrounding his state income tax conviction are factors mitigating against suspension or disbarment. The Court will address each of these contentions in turn.

### III.

As an initial matter, the Court is unpersuaded by Respondent's contention that the pre-July 1, 2011 version of Local Rule 705.2.a.iv applies to this disciplinary matter. The July 1, 2011 Court Order amending the Local Rules provides that "[t]hese amendments ... apply to all cases pending as of July 1, 2011 ... unless otherwise ordered by the presiding Judge." Md. Order 2901 (D. Md. 2011). The instant disciplinary matter was pending before this Court on July 1, 2011, and thus the amendments to Local Rule 705 apply. The amended version of Local Rule 705.2.a.iv currently in effect and applicable in this matter does not provide for automatic reinstatement upon reversal of a conviction but rather requires Respondent to apply for reinstatement. *See* Loc. R. 705.2.a.iv. Accordingly, Respondent's request for immediate reinstatement is **DENIED**.

Although the older version of Local Rule 705.2.a.iv does not govern this disciplinary matter for the reasons discussed above, the Court may nevertheless apply it in its discretion.[1] Even if the Court found good cause to apply the older version of Local Rule 705.2.a.iv, however,

---

[1] The July 1, 2011 Order provides that the amendments shall apply to all pending cases "unless otherwise ordered by the presiding Judge." Md. Order 2901.

4

it does not operate as Respondent contends to lift his suspension. The old version of Rule 705.2.a.iv automatically reinstates an attorney only when his or her underlying conviction has been reversed. *See* Loc. R. 705.2.a.iv, *amended by* 2011 Md. Ct. Order 2901. The Court finds that Respondent's conviction has not in fact been "reversed" within the meaning of the Local Rules. Following Respondent's guilty plea and conviction in the Anne Arundel Circuit Court, Respondent filed a motion for reconsideration. Judge Mulford of the Circuit Court granted the motion, striking the guilty finding and staying the entry of judgment, also known as a grant of Probation before Judgment (PBJ), under Criminal Procedure Article 6-220(b).

Probation before Judgment is a longstanding device in Maryland—we old-timers remember requesting it under Article 27 Section 641—which stays the entry of judgment of conviction pending a probationary period. Probation before Judgment generally does not itself operate as a conviction. *See* § 6-220(g)(3) ("Discharge of a defendant under this section shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime."). Although the Circuit Court's granting of Probation before Judgment has the effect of staying Respondent's conviction, it does not disturb Respondent's guilty plea, which serves as the basis for the present disciplinary proceeding. Respondent pled guilty and was convicted of a "serious crime" as defined under Local Rule 705.2.a.i, and so regardless of his status under the modified judgment issued by Judge Mulford of the Circuit Court, Respondent remains subject to appropriate discipline under Local Rule 705.2.a.iii. Respondent cannot find relief even under the old Local Rule 705.2.a.iv, which specifically states that reinstatement "will not terminate any disciplinary proceeding then pending against the attorney, the disposition of which shall be determined by the Court on the

basis of all available evidence pertaining to both guilt and the extent of discipline to be imposed."

Finally, Respondent argues that several factors weigh against an order of suspension or disbarment in the instant action. Respondent contends that he pled guilty and has accepted responsibility for his actions, that he has been truthful with this Court in his application for renewal, and that he has been cooperative with the Attorney General's Office in reaching an agreement to make full restitution of around $700,000.[2] Respondent contends that he has complied with the agreement to make monthly restitution payments and to pay the State a percentage of whatever partnership bonus he may receive from his law practice. Moreover, Respondent asserts that he has no prior criminal record and that this state tax conviction is the only blemish on his personal and professional career. Respondent indicates that there are no allegations of malpractice or problems with his law practice, that he poses no risk to the public, and that he should not be suspended but rather allowed to continue to practice law so that he can continue to meet his restitution obligations to the State. While Respondent concedes that he is under investigation by the Maryland Bar Counsel and is subject to sanction for his conviction by the Court of Appeals of Maryland, and possibly by other courts in Virginia and the District of Columbia where he is licensed, Respondent points out that he has been under suspension by this Court for almost a year and that no further sanction is necessary.

IV. (SANCTION)

---

[2] At the hearing, Respondent advised the Court that he has paid between $75,000 and $80,000 in restitution so far. This includes an amount of $45,000 representing a full reimbursement of the taxes, penalties and interest owed for the two years in which he failed to file income tax returns. The Suspension of Sentence and Order of Probation reflects a total owed of $713,957.80. (Doc. No. 2).

6

The Court believes that suspension is the appropriate sanction in this matter. While the Court is mindful that Respondent has been convicted of a serious crime for failure to file and pay state income taxes under Maryland Law, there are some mitigating circumstances warranting a sanction short of disbarment. Respondent has already been suspended by this Court for nearly a year, and another jurisdiction, the Disciplinary Board of Virginia, has imposed a suspension from the practice of law in Virginia for six months that is currently in effect.[3] Respondent has reached a settlement agreement with the State of Maryland with respect to all of the taxes, penalties, and interest payments owed, and from what has been reported, Respondent is current with his payment obligations under that agreement. Finally, Respondent's now-stayed criminal conviction appears anomalous and out of character given the many years Respondent has maintained a successful professional career as an attorney.

For these reasons and based on the entire record, the Court concludes that the appropriate sanction is a one-year Suspension, effective as of February 14, 2011.[4]

January 17, 2012
(Date)

/s/
Alexander Williams, Jr.
United States District Judge

---

[3] By letter dated November 8, 2011, Respondent's counsel informed the undersigned as follows:
> As a supplement to our hearing before you on October 20, 2011, I wish to advise you that at a hearing before the Disciplinary Board of the Virginia State Bar, my client Mr. Katz was suspended from the practice of law in Virginia for six months, effective as of September 30, 2011.

[4] Following his period of suspension, Respondent must comply with Local Rule 705.4 (Reinstatement) should he wish to seek reinstatement.